USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-13-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LIBERTY HOLDINGS (NYC) LLC, and
DREAMBUILDER INVESTMENTS, LLC,

        Plaintiff,

-against-

APOSTA, INC. and GENE HACKER,

        Defendants.

18 Civ. 5108 (LAP)

OPINION & ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    As the famous saying goes, 80 percent of success is showing up. This is perhaps especially the case for attorneys representing clients in litigation. Yet, before the Court is a motion seeking sanctions against Defendants Aposta, Inc. and Gene Hacker (together, "Defendants"), as well as Defendants' Counsel Vincent J. Quigg ("Mr. Quigg") for failing to do exactly that.

    Plaintiffs Liberty Holdings (NYC) LLC and Dreambuilder Investments, LLC (together, "Plaintiffs") have alleged that Mr. Quigg and Defendants have sought to avoid their responsibilities in this litigation at every turn. From failing to meet filing deadlines to failing to appear for scheduled conferences with the Court, Plaintiffs suggest that Defendants' evasive behavior has taken multiple forms and has consistently impeded the progress of this action. (See generally Plaintiffs' Memorandum

1

of Law in Support of Motion for Sanctions ("Pl. Memo."), dated July 16, 2019 [dkt. no. 38]); (see also Plaintiffs' Reply Memorandum of Law in Support of Sanctions Motion ("Pl. Reply Memo."), dated August 15, 2019 [dkt. no. 44]).

Accordingly, Plaintiffs have asked this Court to (1) require Defendants and Defendants' counsel to appear in-person for each Court proceeding and (2) impose sanctions against Defendants and Defendants' counsel pursuant to Rule 16(f) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and this Court's inherent authority. (See Notice of Motion for Order of Sanctions ("Notice of Mot."), dated July 16, 2019 [dkt. no. 37]). For the reasons set forth below, Plaintiffs' motion is GRANTED.

I. BACKGROUND

The Court need not recount the facts giving rise to the instant motion at great length, as it will incorporate the relevant facts into its analysis and sees no need to repeat them. Plaintiffs have taken issue with a course of - at best - suspicious conduct by Mr. Quigg and Defendants primarily with respect to attending (or, rather, failing to attend) numerous scheduled pretrial conferences. (See Pl. Reply Memo). Plaintiffs generally allege that Defendants and Mr. Quigg have taken a "lackadaisical" approach to this litigation from its outset. (Pl. Memo at 2). Specifically, Plaintiffs allege that

Mr. Quigg and Defendants have engaged in sanctionable conduct by: seeking numerous extensions to respond to the First Amended Complaint ("FAC"); missing agreed upon deadlines to respond to the FAC; repeatedly rescheduling conferences at the last-minute; failing to attend scheduled conferences; and concocting excuses for repeated absences at scheduled conferences. (Id. at 2-8); (Pl. Reply Memo. at 2-6). However, the bulk of Plaintiffs' allegations center on Mr. Quigg's failure to appear at numerous pretrial conferences.

II. LEGAL STANDARDS

Plaintiffs seek sanctions pursuant to Federal Rule of Civil Procedure 16(f), 28 U.S.C. § 1927, and the Court's inherent authority to impose sanctions. (See Notice of Mot.) As an initial matter, in its discretion, the Court elects to rely solely on Rule 16(f), as it allows for an adequate remedy in this case. See, e.g., Vicente v. Ljubica Contractors LLC, No. 18 Civ. 0419 (VSB) (OTW), 2019 WL 2137001, at *4 (S.D.N.Y. May 16, 2019) ("The Court declines to [] impose sanctions under 28 U.S.C. § 1927 or its inherent authority because sanctions under Rule 16(f) provide a sufficient remedy."); see also Martinez v. New York City Health and Hospitals Corp., No. 15 Civ. 515 (ALC) (GWG), 2017 WL 6729296, at *3 (S.D.N.Y. Dec. 28, 2017) ("[T]he Court in its discretion will rely solely on Rule 16(f) as it supports a sufficient sanction.").

3

Federal Rule of Civil Procedure 16(f)(1)(C) empowers a district court, on motion or sua sponte, to impose sanctions on an attorney or a party who "fails to appear at a scheduling or other pretrial conference," "does not participate in good faith . . . in the [pretrial] conference, or "fails to obey a scheduling or other pretrial order." See Fed. R. Civ. P. 16(f)(1)(C). Rule 16(f)'s "explicit reference to sanctions" reflects the fact that the Rule is intended to "encourage forceful judicial management" and to provide the district court with "discretion to impose whatever sanction it feels is appropriate under the circumstances." Huebner v. Midland Credit Mgmt., Inc., 897 F.3d 42, 53 (2d Cir. 2018) (quoting Advisory Committee's notes to 1983 amendment of Fed. R. Civ. P. 16(f)). Accordingly, "[t]he fact that a pretrial order was violated is sufficient to allow some sanction," and the Court need not "find that [a] party acted in bad faith" in deciding whether sanctions are warranted. Id. (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1531 (3d ed. 2010)). The Court's discretion to impose appropriate sanctions under Rule 16(f) is very broad and "may not be reversed absent an abuse of discretion." Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc., 301 F.R.D. 31, 37 (S.D.N.Y. 2014) (citations omitted).

III. DISCUSSION

    a. Sanctions are Warranted

4

A review of the record and Mr. Quigg's conduct makes it plain that sanctions are warranted under Rule 16(f). The Court does not impose sanctions lightly but finds that there is no other choice in this instance.

To state (what should be) the obvious, "[a] scheduling order" cannot be "cavalierly disregarded by counsel without peril." Hnot v. Willis Grp. Holdings Ltd., No. 01 Civ. 6558 (GEL), 2006 WL 2381869, at *3 (S.D.N.Y. Aug. 17, 2006) (citations omitted). Moreover, "[p]retrial proceedings are an integral and vital part of the judicial process," In re LaMarre, 494 F.2d 753, 756 (6th Cir. 1974), in part because they "have enabled federal courts to eliminate extraneous or noncontested issues, sharpen the presentation of cases, and encourage settlement as an alternative to trial," 6 C. Wright & A. Miller, Federal Practice and Procedure § 1522, at 573 (1971). In other words, when the Court schedules a pretrial conference, the litigants should take it seriously.

Here, Mr. Quigg has consistently demonstrated his disregard for the importance of pretrial proceedings. First, he has sought six continuances of the parties' initial conference, frequently at the last minute. (See Pl. Memo. at 5, 14). For example, Mr. Quigg sought to reschedule a conference planned for May 2 at 5:01 PM on May 1. (Id. at 5). Similarly, Mr. Quigg's office – not Mr. Quigg himself – called Plaintiffs' counsel one

5

hour before a July 1 conference to tell them it had to be rescheduled. (Id. at 8).[1] While requesting continuances of conferences is permissible – and doing so repeatedly is not per se sanctionable conduct - Mr. Quigg's selected method of seeking them at the eleventh hour has served only to inconvenience Plaintiffs' counsel and the Court, to impose unnecessary costs on Plaintiff, and to impede the progress of this litigation.[2]

Second, and more importantly, Mr. Quigg has skipped court-ordered pretrial conferences without even bothering to seek a continuance. After Mr. Quigg sought a last-minute continuance of the May 2 conference, the Court rescheduled it for May 8 at 11:00 AM. Despite Plaintiffs' counsel's attempts to contact him in advance of the conference, Mr. Quigg did not call the Court at the appointed time. Once it was clear that Mr. Quigg would not be appearing telephonically, the Court rescheduled the conference – by emailing Mr. Quigg directly, no less – for 11:30 AM the same day. Mr. Quigg did not call the Court at that time, either. (See Pl. Memo. at 7). The Court believes – or would like to believe – that most attorneys who neglect to attend a court-ordered conference would swiftly attempt to explain their

---

[1] Mr. Quigg's opposition papers do not even attempt to supply an explanation for this continuance.
[2] Cf. Doe v. Winchester Bd. of Ed., No. 10 Civ. 1179 (VAB), 2017 WL 214176 (D. Ct. Jan. 18, 2017) (noting that "multiple last-minute requests for continuances" evidenced that litigant was "deliberately proceeding in a dilatory fashion.").

6

conduct to opposing counsel and to the Court. Yet, Mr. Quigg did no such thing. Instead, he did not attempt to explain himself until he offered a half-baked justification for the absence in his brief in opposition to the present motion. See infra at 8. This is plainly unacceptable.

And, on top of the absences themselves, Mr. Quigg's repeated failures to appear have often been coupled with excuses that, even construed charitably, do not inspire confidence. For example, when he sought an eleventh-hour continuance of the May 2 conference, Mr. Quigg informed the Court and opposing counsel that he had to attend an ex parte hearing in a separate matter in California state court that had been set for the same date. (See Gora Decl. Ex. 8).[3] However, opposing counsel in the California matter informed Plaintiffs' counsel that "Mr. Quigg never appeared for the ex parte hearing on May 2," see Pl. Memo. at 5-6, the state court minute order for the ex parte hearing made no mention of Mr. Quigg, see Gora Decl. Ex. 9, and the docket sheet for the case does not identify Mr. Quigg as a counsel of record, see Gora Decl. Ex. 10. Mr. Quigg's rejoinder that "his office appeared at the ex parte hearing" and his "associate argued" at the hearing while he was merely

---

[3] The matter in question is Bag Fund LLC v. Danny F. Briar et al., No. BC614245, filed in the Superior Court of California, County of Los Angeles. (See Pl. Memo at 5).

7

"available," only belies his position. (See Memorandum of Law in Opposition to Motion for Sanctions ("Def. Opp."), dated Aug. 9, 2019 [dkt. no.43] at 5). Given these facts, there is no reason why he could not have attended the May 2 conference as originally planned. And, indeed, if Mr. Quigg had truly been "available" for the state court hearing and was ready to argue, opposing counsel in that matter would likely have noted his presence in the courtroom.

Similarly, with respect to the May 8 conferences that Mr. Quigg skipped without explanation, see supra at 6, Defendants' opposition papers suggest perfunctorily that Mr. Quigg "became aware of the Conference only after being informed by a telephone call to his office advising such" and that he received no email notice. (See Def. Opp at 4). Yet, as Plaintiffs point out, Mr. Quigg provides no explanation as to who called him, when he or she called, and why he was not aware of the conference in the first place. (See Pl. Reply Memo. at 7). And, again, even if true, Mr. Quigg's protestation undermines his case. In the Court's view, it is not asking too much to expect Mr. Quigg to maintain awareness of docket activity in cases he is responsible for and not to rely on strangers to do so.

Finally, Mr. Quigg's explanation for skipping the June 10 conference borders on fantastical. Mr. Quigg explains that he failed to appear at a June 10 conference because he retained a

8

separate attorney, Jerome Katz ("Mr. Katz"), to attend in his stead. Mr. Quigg explains that on Mr. Katz's way to the conference, Mr. Katz fell on the courthouse steps, was rushed to the hospital, and died. (See Def. Opp. at 7). However, Mr. Quigg has provided the Court with no evidence to corroborate the fact that any of these events occurred. (See Pl. Reply Memo. at 6-7). Indeed, Mr. Quigg has not marshalled a single contemporaneous document – whether about his purported engagement of Mr. Katz, that Mr. Katz was attending the conference, or regarding Mr. Katz's hospitalization and death – to help his cause. Nor has Mr. Quigg provided an affidavit to indicate to the Court that he is being truthful. As such, it is difficult to take such an extreme excuse at face value given the lack of corroborating evidence.

In short, Mr. Quigg's actions fall within the heartland of the type of conduct that should be sanctioned under Rule 16. This court has repeatedly sanctioned attorneys and litigants who have failed to appear for pretrial proceedings. For example, in Vicente v. Ljubica Contractors, LLC, this Court sanctioned a litigant under Rule 16(f) for, in part, failing to appear for their court-ordered conferences. See 2019 WL 2137001, at *5. So too in Vera v. Donado Law Firm, where the Court elected to impose sanctions after defendant failed to appear for two Court-ordered conferences. See No. 17 Civ. 3123 (LGS) (DF), 2017 WL

9

6873928, at *2 (S.D.N.Y. Dec. 21, 2017). Here, Mr. Quigg's repeated failures to engage with Plaintiffs' counsel has caused this case to be "at a standstill" and has wasted a "significant amount of Plaintiffs' and this Court's time." Vicente, 2019 WL 2137001, at *5. Moreover, Mr. Quigg's explanations for his conduct are wholly unconvincing, completely unsupported, and, in some cases, self-defeating. See SEC v. Penn, 2018 WL 4378444 (S.D.N.Y. Sept. 14, 2018) (rejecting excuses that were not "credible" and imposing sanctions). As such, harsh sanctions are justified.[4]

b. Sanctions Imposed

Where sanctions are warranted, Rule 16(f) requires this Court to "order the [sanctioned] party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with [the] rule." See Fed. R. Civ. P. 16(f)(2). Here, it is appropriate to impose severe monetary

---

[4] Mr. Quigg has not solely been physically absent from this litigation, but apparently disengaged, too. In his opposition to Plaintiffs' motion for sanctions, Mr. Quigg ostensibly copied wholesale sections from Defendants' motion to dismiss for lack of personal jurisdiction. (See Pl. Reply Memo. at 1). (Compare Def. Opp. at 1-3 with Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, dated September 27, 2018 [dkt. no. 14], at 4-6). Moreover, Defendants' opposition memorandum is barren of any legal analysis whatsoever. While the Court does not consider this lack of effort directly relevant to the Rule 16(f) inquiry, it agrees with Plaintiffs that it is emblematic of Mr. Quigg's "lack of respect for plaintiffs, plaintiffs' counsel, this Court and this Court's chambers." (See Pl. Reply Memo. at 1).

10

sanctions against Mr. Quigg in the form of fees incurred by Plaintiffs' counsel in preparing for and traveling to the aborted conferences.

In support of the motion for sanctions, Plaintiffs' counsel Richard Gora ("Mr. Gora") submitted time records detailing the time he spent preparing for the various pretrial conferences. (See Declaration of Richard S. Gora in Support of Motion for Sanctions ("Gora Decl."), dated July 16, 2019 [dkt. no. 39]). Specifically, Mr. Gora noted that Plaintiffs incurred $7,450 in fees for the 14.9 hours he spent fruitlessly preparing for the cancelled conferences, billed at $500 per hour. (See Gora Decl. ¶ 25). Plaintiffs agreed to pay $500 per hour for Mr. Gora's services (as demonstrated by the invoices he submitted with his declaration), and specifically signed an engagement letter agreeing to that fee structure. (See id. ¶ 21). Given this agreement, and given that Defendants did not object to these rates in their opposition papers, the Court finds the requested rate of $500 per hour to be reasonable. See Tatum v. City of New York, No. 06 Civ. 4290 (PGG) (GWG), 2010 WL 334975, at *5 (S.D.N.Y. Jan. 28, 2010) ("[T]he actual rate an attorney charges paying clients is persuasive evidence of reasonableness," if conforming to market rates). Moreover, the Court finds that 14.9 hours preparing for and traveling to the 6 conferences represents a reasonable amount of time expended. The Court

11

subtracts $1,250 from the sanction, as Mr. Gora billed 5 hours at $500 per hour for time spent traveling to the June 10 conference, and, in this District, "attorney travel time is generally compensated at 50% of the attorney's reasonable billing rate." Vicente, 2019 WL 2137001, at *5. Finally, the Court awards Plaintiffs an additional $1,500 for time incurred by Mr. Gora in preparing the instant motion, bringing the total monetary sanction to $7,700.

Furthermore, Mr. Quigg and Defendants are ordered to appear in-person for any future court-ordered proceedings, unless the Court specifically notes in the relevant scheduling order that they may attend telephonically or, with respect to Defendants, that the parties' attendance is unnecessary. Should Mr. Quigg and/or Defendants be otherwise unable to attend any such proceedings in-person, they must submit a letter request to the Court detailing the reasons for that inability no later than three business days before the scheduled proceeding. This will prevent any future last-minute continuances and avoid further inconvenience to Plaintiffs' counsel and to the Court.

Given Mr. Quigg's lengthy track record of not attending pretrial conferences, the Court could have imposed a more severe sanction, including entry of a default judgment against Defendants. See Edwards v. Horn, No. 10 Civ. 6194 (RJS) (JLC), 2012 WL 1292672, at *1-2 (S.D.N.Y. Apr. 13, 2012) (recommending

dismissal after plaintiffs failed to appear at two scheduled conferences); see also U.S. v. Salten, No. 03 Civ. 578 (JS) (ARL), 2007 WL 1129392, at *1 (E.D.N.Y. Apr. 10, 2007) (recommending default where defendant had a "long history of . . . not appearing in Court for scheduled hearings and Conferences."). In not imposing such a harsh penalty, the Court has elected to give Mr. Quigg and Defendants a second chance to participate in this litigation on a good-faith basis. Should Mr. Quigg and Defendants fail to comply with this Order, the Court will not hesitate to impose a more drastic sanction.

IV. CONCLUSION

For the foregoing reasons, the Motion for Order of Sanctions [dkt. no. 37] is granted. Within 45 days of this Opinion and Order, Mr. Quigg or his law firm shall pay monetary sanctions to Plaintiffs in the amount of $7,700. Within one week of receipt, Plaintiffs shall file proof of such payment with the Court. In addition, Defendants and Defendants' counsel will be required to appear in-person for all future proceedings ordered by the Court, unless the Court specifically notes in the relevant scheduling order that a proceeding will take place telephonically or, with respect to Defendants, that the parties' presence is unnecessary. Should Defendants or Defendants' counsel be otherwise unable to attend a proceeding in-person, they are required to submit a letter request to the Court

detailing that inability no later than three business days before the scheduled proceeding. Finally, the Court retains jurisdiction to impose more severe sanctions in the event that Mr. Quigg or Defendants fail to comply with this Order.

**SO ORDERED.**

Dated: New York, New York
November 13, 2019

*Loretta A. Preska*
LORETTA A. PRESKA
Senior United States District Judge