UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LIBERTY HOLDINGS (NYC) LLC et al.,

                              Plaintiffs,

              -against-

APOSTA, INC. et al.,

                              Defendants.

1:18-cv-05108 (JLR)

**NOTICE OF REASSIGNMENT**

JENNIFER L. ROCHON, United States District Judge:

This case has been reassigned to the undersigned.  All counsel and *pro se* Plaintiff must familiarize themselves with the Court's Individual Rules, which are available at https://nysd.uscourts.gov/hon-jennifer-l-rochon, including the Court's Individual Rules of Practice in Civil *Pro Se* Cases.  Unless and until the Court orders otherwise, all prior orders, dates, and deadlines shall remain in effect notwithstanding the case's reassignment.  Any conference or oral argument before or directed by the Magistrate Judge will proceed as ordered. However, all previously-scheduled appearances or conferences before the District Court are hereby adjourned pending further notice from the Court.

Additionally, within three weeks of the filing of this Order, the parties are hereby ORDERED to confer and prepare, and Defendants are ORDERED to file on ECF and serve on *pro se* Plaintiff, a joint letter updating the Court on the status of the case.  The joint letter shall not exceed four (4) pages, and shall provide the following information, to the extent it is relevant, in separate paragraphs:

1.      Names and current contact information of counsel and *pro se* Plaintiff, if different from the information currently reflected on the docket;

2.      A brief statement of the nature of the case and/or the principal defenses thereto;

3.     A brief explanation of why jurisdiction and venue lie in this Court.  In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists.  Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business.  In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees;

4.     A statement of all existing deadlines, due dates, and/or cut-off dates;

5.     A statement of any previously-scheduled conference dates with the Court that have not yet occurred and the matters that were to be discussed;

6.     A brief description of any outstanding motions, including the date of the motion and the nature of the relief sought;

7.     A statement and description of any pending appeals;

8.     A detailed statement of all discovery undertaken to date, including how many depositions each party has taken and what, if any, discovery remains that is essential for the parties to engage in meaningful settlement negotiations;

9.     A brief description of the status of prior settlement discussions, without disclosing exact offers and demands;

10.    A statement of whether the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained

mediator would be appropriate and, if so, when in the case (*e.g.*, within the next 60 days, after the deposition of plaintiff is completed, after the close of fact discovery, etc.) the use of such a mechanism would be appropriate;

11.     An estimate of the length of trial; and

12.     Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive or novel issue raised by the case.

If this case has been settled or otherwise terminated, the parties need not submit such letter or appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the joint letter submission deadline, using the appropriate ECF Filing Event.  *See* SDNY ECF Rules & Instructions §§ 13.17-13.19, *available at* http://nysd.uscourts.gov/ecf_filing.php.  Requests for extensions or adjournment of dates not affected by this Order may be made only in accordance with the Court's Individual Rules and Practices, including the Court's Individual Rules of Practice in Civil *Pro Se* Cases, which are available at https://nysd.uscourts.gov/hon-jennifer-l-rochon.

The Clerk of Court is respectfully directed to mail this Order, along with Judge Rochon's Individual Rules of Practice in Civil Cases and Individual Rules of Practice in Civil *Pro Se* Cases, to *pro se* Plaintiff.

Dated: September 15, 2022
        New York, New York

                                    SO ORDERED.

                                    JENNIFER L. ROCHON
                                    United States District Judge

3

September 9, 2022

**INDIVIDUAL RULES OF PRACTICE IN CIVIL CASES**

**JENNIFER L. ROCHON**
**UNITED STATES DISTRICT JUDGE**
**SOUTHERN DISTRICT OF NEW YORK**

**Chambers**
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

**Courtroom**
Courtroom 20B
500 Pearl Street
Aisha Bams, Courtroom Deputy
212-805-0204

**Unless otherwise ordered, these Individual Practices shall apply to all civil matters before Judge Rochon, except for civil *pro se* cases.  If a case is designated by Order of the Court to be part of one of the Court's pilot projects or plans (*e.g.*, the Plan for Certain Section 1983 Cases Against the City of New York, the Pilot Project Regarding Case Management Techniques for Complex Civil Cases, or the Initial Discovery Protocols for Employment Cases Alleging Adverse Action), the procedures in such project or plan shall govern to the extent that they are inconsistent with these Individual Practices.**

1.  **Communications with Chambers**

    A.  **Letters.**  Except as otherwise provided below, communications with the Court shall be by letter.  Letters must be filed electronically on the Electronic Case Filing system ("ECF").  Letters seeking relief (if consistent with the SDNY Local Rules and the SDNY ECF Rules and Instructions) should be filed on ECF as letter-motions, not as ordinary letters.

    Letters may not exceed three pages in length (exclusive of exhibits or attachments) without prior permission from the Court.  Parties should not submit courtesy copies of letters filed on ECF unless the letter, including exhibits, is longer than 10 pages.  Letters solely between parties or their counsel or otherwise not addressed to the Court may not be filed on ECF or otherwise sent to the Court (except as exhibits to an otherwise properly filed document).

    Letters to be filed under seal or containing sensitive or confidential information must be filed on ECF in conformity with the Court's Standing Order, 19-MC-00583, and ECF Rules & Instructions, Section 6.

    B.  **Telephone Calls.**  Except as provided in Section 1.D below, telephone calls to Chambers are permitted only in emergency situations requiring immediate attention.  In such situations, call Chambers at (212) 805-0204.

1

**C. Faxes.** Faxes to Chambers are not permitted.

**D. Scheduling and Calendar Matters.** For scheduling and calendar matters, call Aisha Bams, Courtroom Deputy, at (212) 805-0204. Technical questions pertaining to ECF filings should be directed to the ECF Help Desk at helpdesk@nysd.uscourts.gov or (212) 805-0800.

**E. Hand Deliveries.** Hand-delivered mail should be taken to the Worth Street entrance of the Daniel Patrick Moynihan United States District Courthouse, 200 Worth Street, New York, NY 10007 and may not be brought directly to Chambers. Hand deliveries are continuously retrieved by Courthouse mail staff and then forwarded to Chambers. However, if the hand-delivered material is urgent and requires the Court's immediate attention, ask the Court Security Officers to notify Chambers that an urgent package has arrived that needs to be retrieved by Chambers staff immediately.

**F. Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be made in writing and filed on ECF as letter-motions. (If a request contains sensitive or confidential information, it may be filed on ECF in conformity with the Court's Standing Order, 19-MC-00583, and ECF Rules & Instructions, Section 6). The letter-motion must state: (1) the original due date, the date or dates sought to be extended, and the new date the party now seeks through an adjournment or extension; (2) the number of previous requests for adjournment or extensions of time; (3) whether those previous requests were granted or denied; and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent. If the parties are requesting an adjournment of a conference, they must also provide three mutually agreeable alternative conference dates. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Civil Case Management Plan and Scheduling Order must be attached. Absent extraordinary circumstances, requests for extensions will be denied if not made before the expiration of the original deadline. If the request is for an adjournment of a court appearance, absent an emergency, the request shall be made at least two business days prior to the scheduled appearance.

**G. Related Cases.** After an action has been accepted as related to a prior filing, all future court papers and correspondence must contain the docket number of the new filing, as well as the docket number of the case to which it is related (*e.g.*, 11-CV-1234 [rel. 10-CV-4321]).

**H. ECF**. In accordance with the ECF Rules & Instructions, all attorneys representing parties are required to register promptly as ECF filers and to enter an appearance in the case. The pertinent instructions are available on the Court website (https://nysd.uscourts.gov/rules/ecf-related-instructions). Counsel are responsible

for updating their contact information on ECF should it change; do not file a letter-motion advising the Court of the change.  Counsel are also responsible for checking the docket sheet regularly, regardless of whether they receive an ECF notification of case activity.  Pursuant to ECF Rule 4.3, counsel "have an obligation to review the Court's actual order, decree, or judgment, as available on ECF, and should not rely on the description of such order, decree or judgment in the Notice of Electronic Filing (NEF) alone."

**I.** **Amended or Corrected Filings.**  Any amended or corrected filing shall be filed with a redline showing all differences between the original and revised filing.  Any motion to amend a pleading shall similarly be filed with a redline showing all differences between the operative pleading and the proposed amended pleading.

## 2. Conferences and Discovery

**A.** **In Person Conferences.**  Unless the Court orders otherwise, all conferences will be held in person in Courtroom 20B of the Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, NY.  If counsel jointly wishes to request that the conference be held remotely (telephonically or video), they shall file a letter on ECF so requesting.

**B.** **Teleconferences.**  Unless otherwise ordered by the Court, any proceeding held by telephone will be on the Court's conference line.  At least 48 hours before a scheduled teleconference, the parties must file a joint letter to the Court on ECF containing a list of counsel who may speak during the teleconference and the telephone numbers from which counsel expect to join the call.  Absent permission of the Court, no more than two attorneys shall speak on behalf of either party.

**C.** **Attendance by Principal Trial Counsel.**  The attorney who will serve as principal trial counsel must appear at all conferences with the Court.

**D.** **Initial Case Management Conference.**  The Court will generally schedule a Federal Rule of Civil Procedure 16(c) conference within three months of the filing of the Complaint.  The Notice of Initial Pretrial Conference will be docketed on ECF; plaintiff's counsel is directed to notify all counsel of this Order forthwith and to confirm with the Courtroom Deputy that all counsel will attend the conference on the designated date and time.  At least seven calendar days before the conference date, the parties must provide, via mail or hand delivery, two courtesy copies of the pleadings and file on ECF: (1) a proposed Civil Case Management Plan and Scheduling Order, available on the Court's website at (https://nysd.uscourts.gov/hon-jennifer-l-rochon); and (2) a joint letter, not to exceed three single-spaced pages in length, describing the case, any contemplated motions, and the prospect for settlement.  When filling out the Civil Case Management Plan and Scheduling Order, download the form into Adobe Acrobat to complete.  Do not

fill out the form in your web browser.  At the initial conference, the Court will schedule a next conference for approximately one month after the close of fact discovery.  This next conference will either serve as a pre-motion conference (in the event any party intends to move for summary judgment, *see* Section 3.H below) or will be used to set a trial date and dates for pretrial submissions.

E. **Discovery Disputes.**  The parties shall follow SDNY Local Civil Rule 37.2 with the following modifications.  Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute.  The Court enforces this requirement in both counseled and *pro se* cases (except where not feasible, as in where the *pro se* litigant is incarcerated), and will not consider any discovery dispute where the moving party has not satisfied the good-faith conference requirement.  The moving party should note that "good-faith conference" does not mean that it has merely sent its adversary a letter or email, to which the adversary has not yet responded.  The Court expects that, at a minimum, the moving party will have called its adversary and made efforts to engage in a meaningful dialogue, in an attempt to resolve any discovery issues.  If this meet-and-confer process does not resolve the dispute, the party must submit a letter-motion to the Court on ECF, no longer than three pages (excluding exhibits), explaining the nature of the dispute, the legal standards governing the issue, and case law, if any, supporting the party's position.  Such a letter must include a representation that the meet-and-confer process occurred and was unsuccessful.  If the opposing party wishes to respond to the letter, it must inform the Court that a responsive letter is forthcoming and file the letter within three business days.  The same page limits and filing instructions apply.  Reply letters are not permitted.

F. **Participation by Junior Attorneys.**  The Court encourages the participation of less experienced attorneys in all proceedings – including pretrial conferences, hearings on discovery disputes, oral arguments, and examinations of witnesses at trial – particularly where the attorneys played a substantial role in drafting the underlying filing or in preparing the relevant witness.  The Court is amenable to permitting more than one attorney to argue for one party if this creates an opportunity for a junior attorney to participate.  All attorneys appearing before the Court must have authority to bind the party they represent consistent with the proceedings (for example, by agreeing to a discovery resolution or briefing schedule).

3. **Motions**

   A. **Pre-Motion Conferences in Civil Cases.**  Pre-motion conferences are not required, except for motions concerning discovery, which are governed by Section 2.E above, and for summary judgment motions, which are governed by Section 3.I below.

**B. Motions to Dismiss.** If a motion to dismiss is filed, the plaintiff has a right to amend its pleading, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), within 21 days. If the plaintiff amends its pleading as of right, the Court will dismiss the original motion to dismiss as moot.

**C. Memoranda of Law.** The Court encourages and appreciates brevity. Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. All memoranda of law shall be in 12-point font or larger and be double-spaced. Memoranda of 10 pages or more shall contain a table of contents and a table of authorities, neither of which shall count against the page limit. All appendices to memoranda of law must be tabbed and indexed.

**D. Unpublished cases.** The parties need not provide copies of unpublished cases if the case is available on Westlaw.

**E. Filing of Motion Papers.** Motion papers shall be filed promptly after service.

**F. Courtesy Copies.** One courtesy copy of all motion papers should be submitted via mail or hand delivery by the movant at the time the reply is served, not by each party at the time of filing. All courtesy copies shall be labeled as such and should be double-sided, three-hole punched, tabbed, and placed in binders. If the parties have redacted or filed under seal any portion of the motion papers or attendant exhibits, courtesy copies are to be unredacted, but the portions redacted from public filings should be highlighted, so that the Court will know to refrain from quoting those passages in opinions and orders.

**G. Oral Argument on Motions.** Parties may request oral argument by letter at the time their moving or opposing or reply papers are filed by placing "ORAL ARGUMENT REQUESTED" on the cover page of its memorandum of law. The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

**H. Post-Discovery Settlement Conference.** In cases to be tried by a jury, within 14 days of the close of fact discovery, the parties must file a joint letter stating whether all parties consent to mediation or a settlement conference to be held before the assigned Magistrate Judge. The letter should not identify, explicitly or implicitly, any party that has declined to so consent.

**I. Motions for Summary Judgment.**

   **i. Pre-motion Conference.** If a party wishes to move for summary judgment, it must, within 14 days of the close of fact discovery, request that the pre-motion / pretrial conference previously scheduled for after the

close of fact discovery serve as a pre-motion conference.  To so request, the moving party shall file a letter on ECF, not to exceed three pages in length, setting forth the basis for the anticipated motion, including the legal standards governing the claims at issue.  Other parties shall respond similarly within one week.  The Court will review and discuss with counsel any anticipated summary judgment motions at the pre-motion / pretrial conference.

    **ii.  Discouraged in Non-Jury Cases.**  Summary judgment motions are discouraged in non-jury cases.

    **iii.  Rule 56.1 Statements.**  Any party moving for summary judgment shall provide all other parties with an electronic copy, in Microsoft Word format, of the moving party's Statement of Material Facts Pursuant to Local Rule 56.1 ("Rule 56.1 Statement").  Opposing parties must reproduce each entry in the moving party's Rule 56.1 Statement, and set out the opposing party's response directly beneath it.  If the opposing party wishes to file their own, additional statements of material fact, it shall begin numbering each entry where the moving party left off.  To streamline the summary judgment briefing process, the Court strongly encourages the parties to also negotiate and submit, prior to or along with the movant's Rule 56.1 Statement, a joint Rule 56.1 Statement setting out all facts on which the parties agree.  Each factual assertion in all Rule 56.1 Statements must be followed by a citation to the portion(s) of the evidentiary record relied upon.  Each memoranda of law must include a statement of facts, and may not simply incorporate by reference the entirety of a party's Rule 56.1 Statement.

**J.  Letter-Motions.**  Letter-motions must be filed on ECF in accordance with the SDNY Local Rules and the ECF Rules and Instructions.  In particular, all requests for adjournments, extensions, and pre-motion conferences (including pre-motion conferences with respect to discovery disputes) must be filed as letter-motions.

**K.  Motions to Exclude Testimony of Experts.**  Motions to exclude testimony of experts must be made by the deadline for dispositive motions and should not be treated as a motion *in limine*.

**L.  Decision Pending for More than 60 Days.**  If a motion is not decided or oral argument is not scheduled within 60 days of the time that the motion has become fully briefed, counsel for the movant shall call the Deputy to advise the Court.

**M.  Preliminary Injunction Motions.**  The Court generally follows the procedure for the conduct of non-jury trials described in Section 5.C below.

**N. Applications for a Temporary Restraining Order.**  A party must confer with his or her adversary before making an application for a temporary restraining order unless the requirements of Federal Rule of Civil Procedure 65(b) are met.  As soon as a party decides to seek a temporary restraining order, that party must file a letter on ECF (or in person if proceeding *ex parte*) and state clearly whether (1) it has notified its adversary, and whether the adversary consents to temporary injunctive relief; or (2) the requirements of Federal Rule of Civil Procedure 65(b) are satisfied and no notice is necessary.  The moving party must give notice of the time frame requested for Court action.

The moving party should then file a Motion for a Temporary Restraining Order, supporting documents, and a proposed order on ECF in accordance with ECF procedures.  Where the motion is made on notice to the other parties, the moving party should simultaneously serve the documents on any party that will not receive electronic service via ECF.

If a party's adversary has been notified but does not consent to temporary injunctive relief, the party seeking a restraining order must file the application at a time mutually agreeable to it and the adversary, so that the Court may have the benefit of advocacy from both sides in deciding whether to grant temporary injunctive relief.

**O. Default Judgments.**  A plaintiff seeking a default judgment must proceed by filing a motion for default judgment on ECF pursuant to Federal Rule of Civil Procedure 55(b)(2) and SDNY Local Civil Rule 55.2(b).  A plaintiff seeking a default judgment should not proceed by order to show cause.  The motion must be supported by the following papers:

    **i.**  an attorney's affidavit or declaration setting forth:

        **(a)** the basis for entering a default judgment, including a description of the method and date of service of the summons and complaint;

        **(b)** the procedural history beyond service of the summons and complaint, if any;

        **(c)** whether, if the default is applicable to fewer than all of the defendants, the Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action;

        **(d)** the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs;

7

(e) evidence in support of the proposed damages, including contemporaneous records and other such documentation; and

(f) legal authority for why an inquest into damages is or is not unnecessary;

ii. a proposed default judgment;

iii. copies of all the operative pleadings;

iv. a copy of the affidavit of service of the summons and complaint; and

v. if failure to answer is the basis for the default, a Certificate from the Clerk of Court stating that no answer has been filed.

The plaintiff must serve the motion for default judgment and supporting paperwork on the party against whom the default judgment is sought and file an affidavit of service on ECF within 14 days of filing the motion for default judgment.  If more than 14 days are required to complete service of the motion for default judgment and supporting papers, the plaintiff should file a letter on ECF explaining why additional time is necessary and when the plaintiff anticipates service will be completed.

The Court will review the motion for default judgment and, if appropriate, issue an order setting a date and time for a default judgment hearing.  If the Court issues such an order, the plaintiff must then serve on the party against whom default judgment is sought: (1) the motion for default judgment and supporting papers; and (2) the Court's order setting a date and time for the default judgment hearing. The plaintiff must file on ECF proof of such service on the docket in the manner and by the date specified in the Court's order setting the default judgment hearing.

**P. Proposed Orders.**  All proposed orders that parties wish the Court to sign should be filed in ECF as attachments or exhibits to an appropriate formal application to the Court seeking the endorsement of such order.

## 4.  Other Pretrial Guidance

**A. Cases Removed from State Court.**  Counsel for the party or parties that removed the case must follow 28 U.S.C. § 1446(a) and counsel for all parties must file on ECF a notice of appearance in this Court promptly upon removal.

**B. Redactions and Filing Under Seal.**

i. **Sealing / Redactions Not Requiring Court Approval.**  The parties are

referred to Federal Rule of Civil Procedure 5.2 and the SDNY ECF Privacy Policy ("Privacy Policy") and reminded not to include, unless necessary, the five categories of "sensitive information" in their submissions (*i.e.*, social security numbers [use the last four digits only], names of minor children [use the initials only], dates of birth [use the year only], financial account numbers [use the last four digits only], and home addresses [use the City and State only]).  Parties may redact the five categories of "sensitive information" and the six categories of information requiring caution (*i.e.*, personal identifying number, medical records [including information regarding treatment and diagnosis], employment history, individual financial information, proprietary or trade secret information, and information regarding an individual's cooperation with the government), as described in the Privacy Policy, without Court approval.

    ii.    **Sealing / Redaction Requiring Court Approval.**  Except for redactions permitted by Section 4.B.i, all redactions require Court approval.  To be approved, redactions must be narrowly tailored to serve whatever purpose justifies them and otherwise consistent with the presumption in favor of public access to judicial documents.  *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  In general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents.  *See, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, Nos. 14-MD-2543 (JMF), 14-MC-2543 (JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

    iii.    **Procedures for Filing Sealed / Redacted Documents.**  Any party seeking to file a document under seal or in redacted form shall proceed as follows:

        (a) **Meet and Confer**.  The party seeking leave to file sealed or redacted materials should meet and confer with any opposing party (or any third party seeking confidential treatment of the information) in advance to narrow the scope of the request.  When a party seeks leave to file a document under seal or in redacted form on the ground that an opposing party or third party has requested it, the filing party shall notify the opposing party or third party that it must file, within three days, a letter explaining the need to seal or redact the document.

        (b) **Sealed Document(s).**  Motions or letter-motions for approval of sealed filings in civil and miscellaneous cases and the subject documents, including the proposed sealed document(s), must be filed on ECF in conformity with the Court's Standing Order, 19-MC-00583, and Section 6 of the ECF Rules & Instructions (https://nysd.uscourts.gov/rules/ecf-

related-instructions).

The motion must be filed in public view, must explain the particular reasons for seeking to file that information under seal and should not include confidential information sought to be filed under seal.  Supporting papers must be separately filed on ECF and may be filed under seal or redacted only to the extent necessary to safeguard information sought to be filed under seal.

The proposed sealed document must be contemporaneously filed under seal on ECF and electronically related to the motion.  The summary docket text, but not the sealed document, will be open to public inspection and should not include confidential information sought to be filed under seal.

(c) **Redacted Document(s).**  Motions or letter-motions for approval to file a document in redacted form must be filed on ECF in conformity with the Court's Standing Order, 19-MC-00583, and Section 6 of the ECF Rules & Instructions (https://nysd.uscourts.gov/rules/ecf-related-instructions).  The motion itself shall be filed in public view, should explain the reasons for seeking to file the document in redacted form, and should not include confidential information.  At the same time, the filing party shall: (a) publicly file the document with the proposed redactions, and (b) file under seal a copy of the unredacted document with the proposed redactions highlighted.  Both documents must be filed on ECF and related to the motion.

(d) **Submission by Paper.**  Any party unable to comply with the requirement for electronic filing under seal on ECF, or who has reason to believe that a particular document should not be filed on ECF, must move for leave of the Court to file on paper.

C. **Settlement Agreements.**  As soon as the parties reach an agreement to settle, the parties must call Aisha Bams, Courtroom Deputy, at (212) 805-0204 to alert the Court.  The Court will not retain jurisdiction to enforce confidential settlement agreements.  If the parties wish that the Court retain jurisdiction to enforce the agreement, the parties must place the terms of their settlement agreement on the public record.  The parties may either provide a copy of the settlement agreement for the Court to endorse or include the terms of their settlement agreement in their stipulation of settlement and dismissal.  Settling parties in cases brought under the Fair Labor Standards Act of 1938, 29 U.S.C.

§ 201 *et seq.*, should also refer to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

**D.   Diversity Jurisdiction Cases.**   In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332, the party asserting the existence of such jurisdiction shall, prior to the Initial Pretrial Conference, file a letter to the Court on ECF no longer than two pages explaining the basis for that party's belief that diversity of citizenship exists.   Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business.   In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and / or trustees.

**E.   Bankruptcy Appeals.**   Briefs must be submitted in accordance with the Federal Rules of Bankruptcy Procedure unless otherwise ordered by the Court.   Counsel may extend the default deadlines by joint stipulation submitted to the Court no later than two business days before the brief is due.

**5.   Trial Procedures**

**A.   Joint Pretrial Order.**   Unless otherwise specified by the Court, within 30 days after the close of discovery or if any dispositive motion is filed, within 30 days from the Court's decision on such motion, the parties shall file on ECF a proposed Joint Pretrial Order.   The Joint Pretrial Order shall include the information required by Federal Rule of Civil Procedure 26(a)(3) and the following:

    **i.**   The full caption of the action;

    **ii.**   The names, law firms, addresses, telephone numbers, and emails of trial counsel;

    **iii.**   A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction.   Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount;

    **iv.**   A brief summary by each party of the claims and defenses that the party asserts remain to be tried, including citations to any statutes on which the party relies.   Such summaries shall also identify all claims and defenses previously asserted which are not to be tried.   The summaries should not recite any evidentiary matter;

    **v.**   A statement as to the number of trial days needed and whether the case is to be tried with or without a jury, without identifying which parties do or

do not seek a jury trial;

vi. A brief joint statement summarizing the nature of the case (one or two paragraphs), that may be read to potential jurors during jury selection;

vii. A joint list of people, places, and institutions that are likely to be mentioned during the course of the trial, to be read to potential jurors during jury selection;

viii. A statement as to whether or not all parties have consented to trial by a magistrate judge, without identifying which parties do or do not consent;

ix. Any stipulations or agreed statements of fact or law to which all parties consent.  In a jury case, the parties should memorialize any stipulations or agreed statements of fact in a standalone document that can be marked and admitted at trial;

x. A list of all trial witnesses, indicating whether such witnesses will testify in person or by deposition, whether such witnesses will require an interpreter (and, if so, which party will pay the costs for the interpreter), and a brief summary of the substance of each witness's testimony. Absent leave of Court, a witness listed by both sides shall testify only once (with defendant permitted to go beyond the scope of the direct on cross-examination), and counsel should confer with respect to scheduling;

xi. A designation by each party of deposition testimony to be offered in its case in chief and any counter-designations and objections by any other party.  In addition to a designation list, the parties shall provide the complete deposition transcript with color coded highlighting indicating the portions designated by either party and the objections listed in the margins;

xii. A list by each party of exhibits to be offered in its case in chief, with one asterisk indicating an exhibit to which a party objects on the grounds of authenticity and two asterisks indicating an exhibit to which a party objects to the admissibility of the exhibit.  If a party objects to an exhibit, the objection should be noted by indicating the grounds for the objection, with citations to the Federal Rule of Evidence and any other authority. Objections not made will be waived.  If any party believes that the Court should rule on the objection in advance of trial, that party should include a notation to that effect (*e.g.*, "Advance Ruling Requested") as well.  In most cases, the Court will rule on relevance and authenticity objections at the time of trial;

xiii. A statement of the damages claimed and any other relief sought, including the manner and method used to calculate any claimed damages and a

breakdown of the elements of such claimed damages; and

    **xiv.** A statement of whether the parties consent to less than a unanimous verdict.

**B. Additional Required Pretrial Submissions in Jury Cases.** At the time the joint pretrial order is filed in a jury case, the parties shall:

    **i.** File and serve motions addressing any evidentiary issues or other matters which should be resolved *in limine.* Motions *in limine* are limited to 25 pages. Opposition papers, no longer than 25 pages, shall be filed within seven calendar days, and reply papers, no longer than 10 pages, shall be filed within four calendar days of any opposition;

    **ii.** File and serve a pretrial memorandum of law in cases where a party believes it would be useful to the Court;

    **iii.** File and serve joint proposed jury instructions, verdict form, and *voir dire* questions. These joint submissions shall consist of single documents, jointly composed, noting any areas of disagreement between the parties. The *voir dire* questions and jury instructions shall include both the text of any requested question or instruction as well as a citation, if available, to the authority from which it derives. These documents should also be submitted by email to Chambers in Microsoft Word format;

    **iv.** Submit to the Court and serve on opposing counsel, but do not file on ECF, all documentary exhibits and demonstratives. All exhibits should be premarked. The Court shall be provided with a hard copy set of exhibits as well as an electronic copy of exhibits. With the documentary exhibits, the parties shall provide the Court with a hard copy and Microsoft Word document listing all exhibits sought to be admitted. The list shall contain four columns labeled as follows: (1) "Exhibit No."; (2) "Description" (of the exhibit); (3) "Date Identified"; and (4) "Date Admitted." The parties shall complete the first two columns, but leave the third and fourth columns blank, for use by the Court. Counsel shall make certain that they have custody of all original exhibits. Demonstratives that will not be introduced into evidence need not be listed, but must be shared with the Court and opposing counsel. The Court does not retain them and the Clerk is not responsible for them.

**C. Additional Required Pretrial Submissions in Non-Jury Cases.** At the time the joint pretrial order is filed, each party shall:

    **i.** File and serve motions addressing any evidentiary issues or other matters which should be resolved *in limine.* Motions *in limine* are limited to 25

pages.  Opposition papers, no longer than 25 pages, shall be filed within seven calendar days, and reply papers, no longer than 10 pages, shall be filed within four calendar days of any opposition;

**ii.** File and serve a pretrial memorandum of law in cases where a party believes it would be useful to the Court; opposition to any legal arguments in a pretrial memorandum shall be filed and served within seven calendar days.

**iii.** File and serve proposed findings of fact and conclusions of law.  The proposed findings of fact must be detailed and include citations to the proffered trial testimony and exhibits.  At the time of filing, parties should also submit copies of these documents to the Court by email both in .pdf format and as a Microsoft Word document;

**iv.** Submit to the Court and serve on opposing counsel, but do not file on ECF, copies of affidavits constituting the direct testimony of each trial witness, except for the direct testimony of an adverse party, a person whose attendance is compelled by subpoena, or a person for whom the Court has agreed to hear direct testimony live at the trial.  The affidavit should be treated as a direct substitute for the witness's live testimony; that is, counsel should be attentive to the Rules of Evidence (*e.g.*, hearsay and the like) and authenticate any exhibits that will be offered through that witness's testimony.  Three business days after submission of such affidavits, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at the trial.  Only those witnesses who will be cross-examined need to appear at trial.  The original signed affidavits should be brought to trial to be marked as exhibits;

**v.** Submit to the Court and serve on opposing counsel, but do not file on ECF, all deposition excerpts that will be offered as substantive evidence, as well as a one-page synopsis of those excerpts for each deposition.  Each synopsis shall include page citations to the pertinent pages of the deposition transcripts; and

**vi.** Submit to the Court and serve on opposing counsel, but do not file on ECF, all documentary exhibits.  All exhibits should be premarked.  The Court shall be provided with a hard copy set of exhibits as well as an electronic copy of exhibits.  With the documentary exhibits, the parties shall provide the Court with a hard copy and Microsoft Word document listing all exhibits sought to be admitted.  The list shall contain four columns labeled as follows: (1) "Exhibit No."; (2) "Description" (of the exhibit); (3) "Date Identified"; and (4) "Date Admitted."  The parties shall compete the first two columns, but leave the third and fourth columns blank, for use by the Court.  Counsel shall make certain that they have custody of all original exhibits.  The Court does not retain them and the Clerk is not responsible for them.

    **D. Courtesy Copies.** Two courtesy copies of all documents identified in Sections 5.A-C above should be submitted to Chambers via mail or hand delivery on the date on which they are to be served or filed. Voluminous material may be organized either in binders or manila file folders, but in any event, the courtesy copies shall be separately arranged into two independent sets.

## 6. Policy on the Use of Electronic Devices

    **A. Mobile Phones and Personal Electronic Devices.** Attorneys' use of electronic devices (including mobile telephones, personal electronic devices, computers, and printers) within the Courthouse and its environs is governed by the Court's Standing Order M10-468, available at https://nysd.uscourts.gov/forms/standing-order-electronic-devices-general-purpose. If required by the Standing Order, counsel seeking to bring a device into the Courthouse shall file on ECF a completed copy of the Electronic Devices General Purpose Form, available at https://nysd.uscourts.gov/forms/fillable-form-electronic-devices-general-purpose, at least 24 hours prior to the relevant trial or hearing. *If permitted by the Standing Order, mobile telephones are permitted inside the Courtroom, but they MUST be kept turned off at all times.* Non-compliance with this rule may result in forfeiture of the device for the remainder of the proceedings.

    **B. Computers, or Other Electronic Equipment.** In order for an attorney to bring into the Courthouse any computer, printer, or other electronic equipment not qualifying as a "personal electronic device," specific authorization is required by prior Court Order. Any party seeking to bring such equipment into the Courthouse should send a letter to Chambers at least 10 business days before the relevant trial or hearing requesting permission to use such equipment. The letter shall identify the type(s) of equipment to be used and the name(s) of the attorney(s) who will be using the equipment; printers will not be permitted. Chambers will coordinate with the District Executive's Office to issue the Order and forward a copy to counsel. The Order must be shown upon bringing the equipment into the Courthouse.

September 9, 2022

## INDIVIDUAL RULES AND PRACTICES IN CIVIL PRO SE CASES

### JENNIFER L. ROCHON
### UNITED STATES DISTRICT JUDGE
### SOUTHERN DISTRICT OF NEW YORK

**Pro Se Office**
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007
(212) 805-0175

**Unless otherwise ordered, these Individual Practices apply to all civil *pro se* cases.  *Pro se* parties must also comply with the applicable Federal Rules of Civil Procedure, and the SDNY Local Rules (available at http://nysd.uscourts.gov/courtrules.php).   The Court's website also contains useful information regarding the litigation process for parties who are proceeding *pro se*.   The Court recommends that *pro se* litigants take advantage of that resource, which is available at (https://nysd.uscourts.gov/forms?field_form_category_target_id=22&title=&sort_b%E2%80%A6).**

**Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by email) instead of by regular mail.  Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, visit the following link for instructions on how to do so https://nysd.uscourts.gov/forms/consent-electronic-service-pro-se-cases.**

1. **Communications with Chambers**

   A. **By a *Pro Se* Party.**  All communications with the Court by a *pro se* party should be delivered in person or by mail.  If delivered in person, the litigant should go to the *Pro Se* Intake Unit, United States Courthouse, 40 Foley Square, Room 105, New York, NY 10007.  For delivery by mail, the envelope should be addressed to the *Pro Se* Intake Unit, United States Courthouse, 500 Pearl Street, New York, NY 10007.  No documents or court filings may be sent directly to Chambers.  *Pro se* parties should not call or email Chambers and should communicate directly with the *Pro Se* Intake Unit.  Unless the Court orders otherwise, all communications with the Court will be docketed upon receipt; such docketing shall constitute service on any user of the Electronic Case Filing system ("ECF").  If any other party is not a user of ECF (*e.g.*, if there is another *pro se* party in the

1

case), a *pro se* party must send copies of any filing to that party and include an Affidavit of Service or other statement affirming that it has done so.  Copies of correspondence between a *pro se* party and opposing parties shall not be sent to the Court.

**B. By Parties Represented by Counsel.**  Except as otherwise provided below, communications with the Court by a represented party shall be governed by Judge Rochon's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jennifer-l-rochon.

**C. Requests for Adjournments or Extensions of Time.**  All requests for adjournments or extensions of time must be made in writing to the *Pro Se* Intake Unit, 500 Pearl Street New York, NY 10007 and must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reasons for the requested extension; (5) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (6) the date of the parties' next scheduled appearance before the Court.  If the requested adjournment or extension affects any other scheduled dates, a represented party must submit a proposed Revised Scheduling Order in accordance with Judge Rochon's Individual Rules and Practices in Civil Cases.  A *pro se* party may, but is not required to, submit a proposed Revised Scheduling Order.  Requests for extensions of deadlines regarding a matter that has been referred to a Magistrate Judge shall be directed to that assigned Magistrate Judge.  Absent an emergency, any request for an extension or adjournment shall be made *at least 48 hours* prior to the deadline or scheduled appearance.

## 2.  Filing of Papers and Service

**A. Papers Filed by a *Pro Se* Party.**  All papers to be filed with the Court by a *pro se* party, along with one courtesy copy of those papers, shall be delivered in person or by mail to the *Pro Se* Intake Unit, 500 Pearl Street, New York, NY 10007.  Any *pro se* party that wishes to participate in electronic case filing ("e-filing") on ECF must file a Motion for Permission for Electronic Case Filing (available at https://nysd.uscourts.gov/forms/motion-permission-electronic-case-filing-pro-se-cases and in the *Pro Se* Intake Unit).  If the Court grants a motion to participate in "e-filing," that party *will not* receive hardcopies of any document filed electronically via ECF.

**B. Service on a *Pro Se* Party.**  Counsel in *pro se* cases must serve a *pro se* party with a paper copy of any document that is filed electronically and must file with the Court a separate Affidavit of Service.  Submissions filed without proof of service that the *pro se* party was served will not be considered.

### 3.  Discovery

All requests for discovery by a *pro se* party should be sent to counsel for the party from whom discovery is sought.  Discovery requests should not be sent to the Court.

If there are any discovery disputes, the parties are required to confer with one another in an effort to resolve the dispute without the need for Court intervention.  If the parties are unable to resolve their dispute, either party may file a letter-motion, no longer than three pages and in accordance with Section 1 above, explaining the nature of the dispute and requesting an informal conference.  If the opposing party wishes to respond to the letter, it must file a responsive letter within five business days, not to exceed three pages.

### 4.  Motions

    **A.  Filing and Service.**  Unless otherwise ordered by the Court, opposing papers must be served and filed within four weeks of service of the motion papers, and reply papers, if any, must be served and filed within two weeks of receipt of opposition papers.

    **B.  Courtesy Copy.**  One courtesy hard copy of all formal motion papers, marked as such, should be submitted to Chambers *by the non-pro se party* at the time the reply is due.  Courtesy copies should not be submitted to Chambers at the time of filing.  If all the parties are *pro se*, then no courtesy copies of formal motion papers are required.

    **C.  Pre-Motion Submissions.**  Pre-motion submissions are not required from *pro se* parties for any motions.

    **D.  Oral Argument.**  Unless otherwise ordered by the Court, argument will not be heard in *pro se* matters.

    **E.  *Pro Se* Notices.**  Parties who file a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment must provide the *pro se* party with a copy of the notices required under SDNY Local Civil Rules 12.1 or 56.2.

### 5.  Trial Documents

    **A.  Pretrial Statement.**  Within 30 days of the completion of discovery unless otherwise ordered by the Court, a *pro se* plaintiff shall file a concise, written Pretrial Statement.  This Statement need take no particular form, but it must contain the following: 1) a statement of the facts plaintiff hopes to prove at trial; 2) a list of all documents or other physical objects that the plaintiff plans to put into evidence at trial; and 3) a list of the names and addresses of all witnesses plaintiff intends to have testify at trial.  The Statement must be sworn by the plaintiff to be true and accurate based on the facts known by the plaintiff.  The

*pro se* plaintiff shall file an original, plus one courtesy copy, of this Statement with the *Pro Se* Intake Unit and serve a copy on all defendants or their counsel if they are represented.  The original Statement must include a certificate stating the date a copy was mailed to the attorney for the defendant.  Two weeks after service of plaintiff's Statement, the defendant must file and serve a similar Statement of its case containing the same information.

**B.  Other Pretrial Filings.**  If the case is to be tried before only a Judge without a jury, any parties represented by counsel must also file proposed findings of fact and conclusions of law at the time of filing the Pretrial Statement.  If the case is to be tried before a jury, any parties represented by counsel must also file proposed *voir dire* questions, a proposed jury charge, and a proposed verdict form at the time of filing the Pretrial Statement. At the time of filing, a represented party should email these documents to the Court in both .pdf and Microsoft Word formats. The *pro se* party may file such documents, but is not required to do so and need not submit them by email.

4