UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LIBERTY HOLDINGS (NYC) LLC et al.,

                    Plaintiffs,

-against-

APOSTA, INC. et al.,

                    Defendants.

1:18-cv-05108 (JLR)

**ORDER OF DISMISSAL**

---

JENNIFER L. ROCHON, United States District Judge:

On November 1, 2022, the Court ordered Plaintiffs to, by November 14, 2022, show cause why this case should not be dismissed for failure to prosecute. ECF No. 75. Plaintiffs have not made any such filing. For the following reasons, the case is DISMISSED.

## DISCUSSION

If a plaintiff fails to prosecute its case, the Court may dismiss the case under Federal Rule of Civil Procedure 41(b). *See, e.g.*, *Shannon v. GE*, 186 F.3d 186 (2d Cir. 1999) (affirming Rule 41(b) dismissal for failure to prosecute). In making this determination, courts consider: "(1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions." *Id*. at 193-94.

Although a "district court is not required to discuss the factors on the record," here, the Court will review the factors as each warrants dismissal. *Id*. First, Plaintiffs' failure to prosecute has caused a significant delay. There has been no docket activity by Plaintiffs in this action for

over 14 months, when Plaintiffs' former counsel moved to withdraw on September 29, 2021 and served that motion on Plaintiffs that same day.  ECF Nos. 67, 70.  Since that time, Plaintiffs have failed to comply and file submissions pursuant to Court orders dated August 16, 2022, September 15, 2022, October 12, 2022, and November 1, 2022.  ECF Nos. 72, 73, 74, 75.  The Court has mailed its orders to Plaintiffs at their address listed on the docket and on the Civil Cover Sheet filed by Plaintiffs.  Although the Court's mailings have been returned as undeliverable, Plaintiffs have never contacted the Court to provide any alternative address, even when directed to by the Court (*see* ECF No. 74), and the Court is not aware of any other addresses for Plaintiffs.  By failing to communicate to the Court and/or obtain counsel over an extended period of time, "Plaintiff[s]' inaction strongly suggests an unwillingness to prosecute this case."  *Plutus I, LLC v. Itria Ventures LLC*, No. 18-cv-09616 (AT), 2019 U.S. Dist. LEXIS 7953, at *6 (S.D.N.Y. Jan. 15, 2019) (dismissing case because the plaintiff limited liability company failed to obtain counsel or respond to court orders over three months).

   Second, the Court warned Plaintiffs on multiple occasions that further delay and non-compliance would result in dismissal.  *See, e.g.*, ECF Nos. 74, 75.  On October 12, 2022, the Court warned that "Plaintiffs' failure to comply with the Court's orders may result in dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)."  ECF No. 74.  Again on November 1, 2022, the Court warned that "Plaintiffs' continued failure to comply with the Court's orders may result in dismissal for failure to prosecute."  ECF No. 75.  Third, further delay is likely to prejudice Defendants, who face a lingering lawsuit without any apparent way to communicate meaningfully with their adversary and reach a resolution of this litigation, and where the inexcusable delay has extended over a substantial period of time.

   Fourth, by providing Plaintiffs multiple opportunities to respond to Court orders and delaying dismissal, the Court has balanced the need to alleviate court congestion with Plaintiffs'

right to proceed with their case. Fifth, no less severe remedy than dismissal would be sufficient, especially because Plaintiffs have been afforded multiple opportunities to remedy their failure – over a prolonged period of time – and yet have continued to neither respond to nor comply with the Court.

Accordingly, because the circumstances of this case are sufficiently extreme, this case is dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See, e.g.*, *Ruzsa v. Rubenstein & Sendy Att'ys at L.*, 520 F.3d 176 (2d Cir. 2008) (affirming dismissal where the plaintiff failed to respond to the court's notice threatening dismissal for failure to prosecute); *Shannon*, 186 F.3d at 194, 196 (affirming Rule 41(b) dismissal where the plaintiff "failed to prosecute his lawsuit over a prolonged period"); *Plutus I, LLC*, 2019 U.S. Dist. LEXIS 7953, at *6 (dismissing case because the plaintiff limited liability company failed to obtain counsel and prosecute the case over three months).

## CONCLUSION

For the reasons stated above, this case is hereby DISMISSED pursuant to Federal Rule of Civil Procedure 41(b). Any pending motions are moot. All conferences are canceled. The Clerk of Court is directed to CLOSE the case and mail this Order to Plaintiffs.

Dated: December 6, 2022
New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge